UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:93-CR-353 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 142-2] |
| MTU AKILI, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Mtu Akili[1] petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he no longer qualifies as a career offender and was improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[2] The Supreme Court's recent opinion in *Beckles v. United States*[3] forecloses his argument.

Defendant Akili's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[4] If a sentencing court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[5]

---

[1] Defendant Akili is also known as Darrin Austin and Muntu Akili.
[2] Doc. 142-2. The Government opposes. Docs. 142-3. Defendant Akili sought permission from the Sixth Circuit to file a second petition for habeas relief. On September 23, 2016, the Sixth Circuit granted Akili's motion and ordered this Court to hold the case in abeyance pending the outcome of *Beckles*. Doc. 142.
[3] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[4] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[5] *Id.*

Case No. 1:93-CR-353
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his ACCA affected sentence in a § 2255 habeas proceeding.[6]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[7] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this argument. In *Beckles*, the Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[8]

In answering this argument, the *Beckles* Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[9]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Defendant Akili's § 2255 petition.

IT IS SO ORDERED.


Dated: April 14, 2017                    *s/        James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[6] *Welch v. United States*, U.S. , 136 S. Ct. 1257, 1265 (2016).
[7] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[8] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[9] *Id*.