UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                               :
UNITED STATES OF AMERICA,       :        CASE NO. 1:93-CR-353
                                           :
             Plaintiff,                   :
                                          :
      vs.                           :        OPINION & ORDER
                                          :        [Resolving Docs. 144, 145]
MTU AKILI,                          :
                                          :
             Defendant.               :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Mtu Akili seeks to be resentenced under Federal Rule of Civil Procedure 60(b).[1] Akili also moves for appointment of counsel to assist him with his Rule 60(b) motion.[2]

For the following reasons, the Court **TRANSFERS** Akili's Rule 60(b) motion to the Sixth Circuit Court of Appeals. The Court also **DENIES AS MOOT** Akili's motion for appointment of counsel.

## I. BACKGROUND

On February 11, 1994, a jury found Akili guilty of possession of cocaine with intent to distribute.[3] On June 10, 1994, Judge David D. Dowd Jr. sentenced Akili to 264 months of imprisonment after finding Akili qualified as a career offender under the sentencing guidelines, which were mandatory at the time.[4]

The Sixth Circuit affirmed Akili's conviction on June 14, 1995.[5] Akili did not file a petition for writ of certiorari with the Supreme Court.

---

[1] Doc. 145. The government opposed. Doc. 146.
[2] Doc. 144. The government opposed. Doc. 146.
[3] Doc. 58.
[4] Doc. 68.
[5] Doc. 99.

On September 10, 1996, Judge David D. Dowd Jr. denied Akili's first 28 U.S.C. § 2255 habeas petition.[6] On September 22, 2016, the Sixth Circuit granted Akili's motion to file a second and successive § 2255 petition.[7] This Court denied that habeas petition on April 14, 2017.[8] In its denial, the Court held that Akili's arguments for resentencing under *Johnson v. United States* were foreclosed by the Supreme Court's later decision in *Beckles v. United States*.[9]

In his Rule 60(b) motion, Akili appears to seek relief from the Court's denial of his second § 2255 habeas petition.[10] Akili also seeks appointment of counsel to assist with his motion.[11] The government opposes both motions.[12]

## II. ANALYSIS

As an initial matter, the Court treats Akili's motion as a successive habeas petition.

In the collateral proceedings context, courts must decide whether a Rule 60(b) motion is effectively a successive habeas petition.[13] A Rule 60(b)(6) motion that "attacks the federal court's previous resolution of a [habeas] claim *on the merits*" should be considered a successive § 2255 petition.[14] District courts lack the jurisdiction to hear successive § 2255 petitions without court of appeals authorization.[15]

Here, Akili seeks "resentencing pursuant to a due process expectation from being classified as a career offender."[16] Defendant appears to challenge this Court's denial of his second § 2255

---

[6] Doc. 114.
[7] Doc. 142.
[8] Doc. 143.
[9] *Id.*
[10] Doc. 145.
[11] Doc. 144.
[12] Doc. 146.
[13] *See Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) (noting that district courts only have jurisdiction over proper Rule 60(b) motions, not successive habeas petitions disguised as motions for relief).
[14] *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (emphasis in original); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2015).
[15] *Smith*, 402 F.3d at 723.
[16] Doc. 145 at 2.

Case No. 1:93-cr-353
Gwin, J.

petition because of *Beckles*. As a result, Defendant's Rule 60(b)(6) motion is a successive petition and the Court transfers it to the Sixth Circuit.

Even if the Court were to consider the merits, there would be no basis to grant relief.

In denying Defendant's § 2255 petition, the Court held that Defendant could not be resentenced under *Johnson v. United States*, which invalidated sentences based on felonies that qualified under the residual clause of the Armed Career Criminals Act (ACCA).[17] The Court reasoned that *Johnson* did not apply to Defendant's sentence because Defendant was sentenced under the Guidelines, not the ACCA's residual clause.[18] Citing to *Beckles v. United States*, the Court held that the Guidelines' residual clause was not void for vagueness under the Due Process clause since the Guidelines were merely advisory, rather than mandatory.[19]

Akili now argues that *Beckles* does not apply to his sentence because he was sentenced under mandatory Guidelines, before *United States v. Booker* rendered these Guidelines advisory.[20]

However, the Sixth Circuit recently explained in *Raybon v. United States* that the Supreme Court has yet to decide whether *Johnson* invalidates sentences pursuant to the residual clause of the Guidelines when they were mandatory.[21] As a result, the § 2255(f)(3) exception to the one-year statute of limitations for a newly recognized, retroactive right does not apply.[22]

Accordingly, Akili's motion is untimely. Since Akili did not file a petition for writ of certiorari, Akili's judgment became final on September 12, 1995, ninety days after his direct appeal

---

[17] Doc. 143.
[18] *Id.*
[19] *Id.* at 2.
[20] Doc. 145 at 2.
[21] 867 F.3d 625, 629-30 (6th Cir. 2017). The case that Defendant cites to support his motion, *United States v. Tunstall*, No. 00-cr-050, 2017 WL 2619336, at *2 (S.D. Ohio June 16, 2017), is not applicable. That opinion was withdrawn in light of *Raybon*. *United States v. Tunstall*, No. 00-cr-050, 2017 U.S. Dist. LEXIS 139751, at *3 (S.D. Ohio Aug. 30, 2017).
[22] *Raybon*, 867 F.3d at 630.

was denied.[23]  Akili filed this motion on January 4, 2018.[24]  Because he filed this motion more than a year after his judgment became final, it is time barred.[25]

### III. CONCLUSION

Accordingly, the Court **TRANSFERS** Akili's Rule 60(b) motion to the Sixth Circuit Court of Appeals and **DENIES AS MOOT** Akili's motion for appointment of counsel.

IT IS SO ORDERED

Dated:  February 27, 2018                                        *s/         James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE

---

[23] *See Clay v. United States*, 537 U.S. 522, 525 (2003); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).
[24] Doc. 145.
[25] *See* 28 U.S.C. § 2255(f).